### NEFF v KEEPERS

Ohio Appeals, 1st Dist, Hamilton Co

No 5230. · Decided Nov 29, 1937

Cramer & Gordon, Cincinnati, for appellant.

Benjamin J. Schwartz, Cincinnati, for appellee.

### OPINION

By THE COURT

The plaintiff has appealed from a judgment of the Court of Common Pleas against her

Plaintiff alleged in her petition that she had been a tenant of the defendant, and during her tenancy she was injured by the giving way of a board in the floor of a hallway of the premises, and that this occurred through the negligence of the defendant in that "the flooring boards were in a rotted condition and were loose and detached and that the defendant knew or should have known with the exercise of ordinary care the condition of the premises, and did negligently permit said nuisance to continue."

At the trial the evidence disclosed that this hallway was in the exclusive possession of the plaintiff, and that one of the flooring boards broke when she stepped on it There was evidence that an agent or independent contractor had taken this board up a little more than a month previously to place some electric wires thereunder. There is no evidence from which a rational inference could be drawn that the taking up and replacing these boards had anything to do with the breaking of the boards, which was the cause of the plaintiff's injury. That being true, the interesting question of the liability or nonliability of the landlord resulting from his affirmative action through an agent or independent contractor, during the tenancy, which was principally argued at the bar and in the briefs, is not presented by the record because upon any theory of the evidence and law, such interference must be the proximate cause of the injury for any liability to attach.

We have then a case in which a tenant was injured during her tenancy of premises over which she had exclusive control by reason of a defect developing in such premises. Under such circumstances, the lessor is not liable in the absence of an express warranty of the safe condition of the premises, or deceit as to their condition. **Shinkle v Birney, 68 Oh St 328. Goodall v Deters, 121 Oh St 432.**

The court committed no error in sus-

taining the motion for an instructed verdict and in entering judgment thereon.

The judgment is affirmed.

ROSS, PJ, HAMILTON and MATTHEWS, JJ, concur.